UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FRANZ BISSERETH, and <br> WILLIE MAE RYNER <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> and SIX UNKNOWN AGENTS <br> of the UNITED STATES <br> IMMIGRATION AND CUSTOMS <br> ENFORCEMENT AGENCY <br><br> Defendant | Civil Action No. |

## **COMPLAINT & JURY DEMAND**

### **INTRODUCTION**

This is an action by Plaintiffs, Franz Bissereth and Willie Mae Ryner, brings this complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672 against the United States of America and against Defendants, Six Unknown Agents under Bivens.

### **PARTIES**

1. The Plaintiff, Franz Bissereth, is an individual who lives in Dorchester, Massachusetts.

2. The Plaintiff, Willie Mae Ryner, is an individual who lives in Dorchester, Massachusetts.

3. The Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if they had been a private person, would be liable to the Plaintiff pursuant to the Federal Tort Claims Act.

4. Defendants Six Unknown Agents ("SUA") are agents of the United States Immigration and Customs Enforcement Agency—a law enforcement agency of the United States of America.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. § 1346(b)(1), *et seq*.  This Court further has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b) because the facts giving rise to the claims occurred within this district.

7. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672, the Plaintiffs presented their claim to the appropriate federal agency for administrative settlement/presentment and have brought this lawsuit timely.

8. Mr. Bissereth timely filed his FTCA claim on June 20, 2020, and complied with the claims procedure as required under 28 U.S.C. § 2675.

9. Ms. Ryner timely filed her FTCA claim on June 20, 2020, and complied with the claims procedure as required under 28 U.S.C. § 2675.

10. Plaintiffs' demands were rejected by the United States.

11. Plaintiffs have exhausted all administrative remedies and the current action is being timely filed within the statute of limitations.

## FACTS COMMON TO ALL COUNTS

12. This is an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act to redress the violation of Franz Bissereth's and Willie Mae Ryner's rights under the Constitution of the United States and Commonwealth of Massachusetts Law.

13. Mr. Franz Bissereth and Ms. Willie Mae Ryner are domestic partners. They have been together for thirty-eight years.

14. Mr. Bissereth previously suffered from a hip injury and is an active oncology patient undergoing treatment.

15. On or about 5:30 a.m., on June 27, 2019, Mr. Bissereth and Ms. Ryner were in bed, sleeping.

16. Suddenly, Mr. Bissereth and Ms. Ryner heard loud knocking on their front door. They then heard agents with the Immigration and Customs Enforcement ("ICE") announce their presence through the closed (and locked) front door.

17. Mr. Bissereth awoke and made his way to the front door.

18. Before Mr. Bissereth was able to reach the front door, agents of ICE tore through the door with what was learned to be a battering ram. The ICE agents gained access to the Bissereth's home through the broken door.

19. Agents SUA proceeded to punch Mr. Bissereth about the head, face and mouth. As Mr. Bissereth reacted to the injuries caused by the assault, Defendants SUA threw Mr.

Bissereth to the ground.  Once Mr. Bissereth hit the ground, Defendants placed his/their knee on the back of Mr. Bissereth with his/their full weight.  While forcefully pinning Mr. Bissereth on the ground, Defendants removed a loaded handgun(s) from its(their) holster and pointed the loaded handgun at Mr. Bissereth's head as Mr. Bissereth lay face down on the ground.  The loaded weapon was pointed at the back of Mr. Bissereth's head. Defendants were yelling loudly as these events were unfolding.

20. Mr. Bissereth was in a state of shock as these events were occurring.

21. Ms. Ryner had also awoken and left her bed as these events transpired.

22. Upon seeing Ms. Ryner, Defendants SUA also pointed a loaded handgun at her as they shouted orders to her.

23. Both Mr. Bissereth and Ms. Ryner complied with the orders that Defendants were shouting at them.

24. Defendants SUA took Ms. Ryner into their custody by placing handcuffs on her.

25. After placing both Mr. Bissereth and Ms. Ryner in custody, Defendants SUA relocated Bissereth and Ryner out of the home and into the hallways and stairwell of the building.

26. The ICE agents then ransacked the apartment.  While doing so, they broke down the door to the Plaintiffs' bedroom and caused substantial damage and disorder to the contents of the home.

27. Neither Bissereth nor Ryner were not accused of committing crime, subject to arrest, subject to a warrant, subject to deportation, the focus of any governmental investigation nor in any way involved in any matter relating to immigration or customs enforcement at any time related to this incident (or otherwise).

28. Both Bissereth and Ryner are citizens of the United States of America.

29. The ICE agents herein named were executing a search warrant on the wrong home, recklessly, negligently and increasing disregard for human dignity as the event matured.

30. Defendants SUA intended to assault and injure the Plaintiffs as described, herein, as a product of their negligent execution of a search warrant.

31. Mr. Bissereth and Ms. Ryner suffered physical and emotional injuries from this incident including, without limitation, head, neck, face and wrist injuries and contusions.  As a result of the attacks on Mr. Bissereth's face, his mouth split open.

32. At no time was medical aid rendered to the Plaintiffs.

33. The next day, June 28, 2019, Mr. Bissereth went to Boston Medical Center to seek treatment for his injuries.  On June 29, 2019, Mr. Bissereth then went to Sheila Chapman, MD, his general physician, to seek further medical care.

34. Both Mr. Bissereth and Ms. Ryner continue to experience pain and/or emotional distress as a result of the events described, herein. The emotional distress that each continue to suffer includes, without limitation, flashbacks, nightmares, increased stress and anxiety.

35. Mr. Bissereth and Ms. Ryner suffered significant damage to their property during the course of the events described, herein.

## CLAIMS UNDER THE FTCA

### COUNT I:
### ASSAULT and BATTERY

36. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

37. Agents of the United States banged on the Plaintiffs front door at approximately 5:30 am, announcing themselves in a manner that caused the Plaintiffs to be in immediate apprehension of imminent serious bodily harm.

38. Once the agents entered the Plaintiffs' home, they viciously and physically attached the Plaintiffs while pointing a loaded gun at them.

39. Neither Bissereth nor Ryne consented to the agents touching of them and were offended by such touching.

40. As a direct and proximate result of the attack, Mr. Bissereth sustained the injuries described above.

41. The ICE agents' unwanted and unprovoked attack constituted unlawful battery, rendering them liable to Mr. Bissereth.

## COUNT II: NEGLIGENCE

42. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

43. The United States has a duty to persons located within the United States to respect their liberty and property and not to detain an individual without legal authority and based on probable cause.

44. The United States owed a duty to the Plaintiffs not to search and seize them or their premises without probable cause and the legal authority to do so.

45. The United States owed a duty to the Plaintiffs to use due care in executing search warrants such that search warrants are not executed on the wrong premises.

46. Agents of the United States breached that duty when they broke down the door of the Plaintiffs' home, injured the Plaintiffs, detained them and searched their home without the legal authority to do so.

47. Agents of the United States further breached that duty when they failed to take all necessary and available measures to ensure, reasonably, that the search warrant was being executed on the authorized premises.

48. As a direct and proximate consequence of the Defendant's breaches of duty, the Plaintiffs' home was broken into, searched and most items destroyed or damaged. The Plaintiffs were physically injured and temporarily held without their liberty as they were detained by armed United States agents who used loaded handguns to threaten the consequence of death for the Plaintiffs' failure to comply.

## COUNT III:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

50. The ICE agents knew that their conduct would cause the Plaintiffs to suffer emotional distress.

51. The ICE agents' conduct was extreme and outrageous.

52. The ICE agents' conduct caused the Plaintiffs to suffer severe emotional distress.

## *BIVENS* CLAIMS

## COUNT IV
## EXCESSIVE FORCE (*Bivens*)

53. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

54. Plaintiffs had a clearly established right under the Fourth Amendment to the United States to be free from official infliction of excessive force.

55. Neither Mr. Bissereth nor Ms. Ryner had committed a crime and both were/are citizens of the United States of America.

56. No members of the Bissereth household actively resisted arrest or attempted to evade arrest by flight.

57. No members of the Bissereth/Ryner household posed a threat to Defendants SUA when excessive force was applied to them.

58. No members of the Bissereth household acted erratically, or made threatening gestures of movements. No members were armed or displaying a weapon.

59. Ms. Ryner was standing in a non-threatening manner when Defendants pointed the muzzle of a loaded handgun at her.

60. Mr. Bissereth was similarly standing in a non-threating manner when Defendants approached him and punch him about the ears, face and mouth—splitting his mouth.

61. Both Bissereth and Ryner were handcuffed, violently. Bissereth was thrown to the ground, facing the ground.

62. One unknown agent then proceeded to place his knee on the back of Bisserth, exerting what seemed to be the agent's entire weight on Bissereth's back through the agent's knee.

63. Bisserth and Ryner were both pushed into the hallway outside their apartment—Ryner pushed onto the stairwell.

64. Defendants SUA acted under the color of law in violating the Fourth Amendment's proscription on the use of excessive force, and/or failed to intervene to prevent such force.

65. At all times herein, Defendants SUA were acting within the scope of employment as law enforcement officers with the Immigration and Customs Enforcement Agency, an agency of the Defendant, United States.

66. Defendants SUA, acting under color of federal law, knew that the use of excessive force in these circumstances was illegal under clearly established law.

67. The conduct described, herein, caused Bissereth and Ryner to be deprived of civil rights that are protected under the United States Constitution, the Commonwealth of Massachusetts Declaration of Rights and the laws of the Commonwealth of Massachusetts. The actions of the Defendants have legally, proximately, foreseeably, and actually caused the Plaintiffs to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the at the time of trial.

68. The conduct alleged herein was done with oppression, fraud, malice and/or deliberate or reckless disregard of Bissereth's and Ryner's constitutionally-protected rights, justifying an award of exemplary damages against Defendants SUA in an amount according to proof at the time of trial in order to defer Defendants SUA from engaging in similar conduct and to make an example by way of monetary punishment.

## COUNT V
## UNLAWFUL DETENTION (*Bivens*)

69. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

70. Bissereth and Ryner had a clearly established right under the Fourth Amendment to be free from unreasonable search and seizure.

71. Defendants SUA violated their rights when they detained Bissereth and Ryner, placing them in handcuffs after using a threat of deadly force against them and confining them to an area of the building while all of their personal belongings were rummaged through.

72. There are no facts or circumstances that would lead a reasonable officer to believe that either Bissereth or Ryner had committed a crime.

73. There was no basis to seize Bissereth or Ryner nor any basis to detain them.

74. DEFENDANTS SUA unlawfully detained Bissereth and Ryner in violation of their constitutionally-protected rights under the Fourth Amendment.

75. At all times herein, DEFENDANTS SUA were acting within the scope of their employment as an agent of the DEFENDANT UNITED STATES OF AMERICA.

76. DEFENDANTS SUA, acting under the color of law, knew that detaining Bissereth and Ryner without probable cause in these circumstances was illegal under clearly established law.

77. The conduct alleged herein caused Bissereth and Ryner to be deprived of civil rights that are protected under the United States Constitution, Commonwealth of Massachusetts Declaration of Rights, and federal and state laws.  The actions of DEFENDANTS SUA legally, proximately, foreseeably and actually caused Bissereth and Ryner to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of their liberty and freedom, and further damages according to proof at the time of trial.

78. The conduct alleged herein was done with oppression, fraud, malice and/or deliberate or reckless disregard of Bissereth's and Ryner's constitutionally protected rights, justifying an award of exemplary damages  against DEFENDANTS SUA in an amount according

to the proof at the time of trial in order to deter DEFENDANTS SUA from engaging in similar conduct and to make an example by way of monetary punishment.

COUNT VI
UNLAWFUL SEARCH (*Bivens*)
DEFENDANTS SUA

79. The Plaintiffs repeat and re-allege each and every allegation above stated as though such allegations were set forth herein.

80. Bissereth and Ryner had a clearly established right under the Fourth Amendment to be free from unreasonable search of their home, belonging and their bodies.

81. DEFENDANTS SUA violated their rights when they detained Bissereth and Ryner, placing them in handcuffs after using a threat of deadly force against them and confining them to an area of the building while DEFENDANTS SUA rummaged through all of their belongings, broke their personal belonging, tore down doors and ruined their personal property, clothing and jewelry.

82. There are no facts or circumstances that would lead a reasonable officer to believe that either Bissereth or Ryner had committed a crime.

83. There was no basis to search Bissereth's or Ryner's belongings, including the clothing they were wearing.

84. DEFENDANTS SUA unlawfully searched Bissereth's and Ryner's belongings in violation of their constitutionally-protected rights under the Fourth Amendment.

85. At all times herein, DEFENDANTS SUA were acting within the scope of their employment as an agent of the DEFENDANT UNITED STATES OF AMERICA.

86. DEFENDANTS SUA, acting under the color of law, knew that detaining Bissereth and Ryner without probable cause in these circumstances was illegal under clearly established law.

87. The conduct alleged herein caused Bissereth and Ryner to be deprived of civil rights that are protected under the United States Constitution, Commonwealth of Massachusetts Declaration of Rights, and federal and state laws. The actions of DEFENDANTS SUA legally, proximately, foreseeably and actually caused Bissereth and Ryner to suffer personal embarrassment, emotional distress, pain and suffering, unjust deprivation of their liberty and freedom, and further damages according to proof at the time of trial.

88. The conduct alleged herein was done with oppression, fraud, malice and/or deliberate or reckless disregard of Bissereth's and Ryner's constitutionally protected rights, justifying an award of exemplary damages against DEFENDANTS SUA in an amount according to the proof at the time of trial in order to deter DEFENDANTS SUA from engaging in similar conduct and to make an example by way of monetary punishment.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs Franz Bissereth and Willie May Ryner respectfully request that this Honorable Court:

1. Order compensatory general and special damages in an amount in accordance with proof.
2. For punitive damages as permitted by law.
3. For reasonable cost of suits as permitted by law.
4. For any other relief that is just and proper.

## JURY DEMAND

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial as to the Bivens causes of action.

RESPECTFULLY SUBMITTED,
PLAINTIFFS FRANZ BISSERETH AND
WILLIA MAY RYDER,


/s/Stanley D. Helinski
Stanley D. Helinski BBO No. 644417
Helinski Law Office
111 Parker Road
Wellesley, MA 02482
Tel: (617) 314-7801
Fax: (617) 933-2943
stan@massadvocate.com

June 28, 2021