UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANZ BISSERTH and<br>WILLIE MAE RYNER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and SIX<br>UNKNOWN AGENTS of the UNITED<br>STATES IMMIGRATION AND CUSTOMS<br>ENFORCEMENT AGENCY,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 21-cv-11068-ADB |

## MEMORANDUM AND ORDER DENYING THE UNITED STATES' MOTION TO DISMISS

BURROUGHS, D.J.

Franz Bisserth ("Bisserth") and Willie Mae Ryner ("Ryner") (together, "Plaintiffs") filed the instant action against the United States of America ("United States" or "Government") and Six Unknown Agents of the United States Immigration and Customs Enforcement Agency ("ICE Agents" or "Agents") asserting federal civil rights and personal injury claims stemming from an incident in June 2019 where the ICE Agents mistakenly executed a search of their home. Currently before the Court is the Government's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of personal jurisdiction and insufficient service of process upon the ICE Agents pursuant to Federal Rules of Civil Procedure

12(b)(2) and 12(b)(5).[1]  [ECF No. 15].  For the reasons set forth below, the Government's motion to dismiss, [ECF No. 15], is DENIED.

I.  BACKGROUND

The following relevant facts are alleged in Plaintiffs' complaint and taken as true for the purpose of resolving the Government's motion.  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

During the early morning of June 27, 2019, Plaintiffs heard knocking on their front door and the ICE Agents announcing their presence.  [ECF No. 1 ¶¶ 15–16 ("Compl.")].  The Agents broke through the Plaintiffs' front door with a battering ram and entered the home.  [Id. ¶ 18]. The Agents punched Bisserth in the face, pinned him to the ground, and, while on the ground, pointed a loaded handgun at his head.  [Id. ¶ 19].  The Agents also pointed a handgun at Ryner and shouted orders at her.  [Id. ¶ 22].  Plaintiffs were placed into custody while the Agents "ransacked the apartment."  [Id. ¶¶ 24–26].  Plaintiffs were never accused of committing a crime, subject to arrest or deportation, or the focus of any governmental investigation at any time related to this incident.  [Id. ¶ 27].  Plaintiffs assert that the Agents executed a search warrant on the wrong home.  [Id. ¶ 29].  As a result of this event, Plaintiffs suffered significant property damage and continue to experience pain and emotional distress, including flashbacks, nightmares, and increased stress and anxiety.  [Id. ¶¶ 34–35].

Plaintiffs filed their complaint on June 28, 2021.  [Compl.].  The complaint asserts three counts against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672: Count I for assault and battery, Count II for negligence, and Count III for intentional

---

[1] While counsel for the Government does not represent the six ICE Agents, he has been authorized under 28 U.S.C. § 517 to notify the Court that it lacks personal jurisdiction over the six ICE Agents because they were not properly served.  [ECF No. 16 at 6].

infliction of emotional distress. The complaint also asserts three counts against the ICE Agents in their individual capacities: Count IV for excessive force, Count V for unlawful detention, and Count VI for unlawful search. Id. On November 18, 2021, the Government filed its motion to dismiss, [ECF No. 15], which Plaintiffs opposed on December 10, 2021, [ECF No. 18].

## II. FAILURE TO STATE A CLAIM

### A. Legal Standard

To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiffs' theory, and draw all reasonable inferences from those facts in favor of the plaintiffs. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2001). And in doing so, it may consider "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

Although "[d]etailed factual allegations" are not required, the complaint must set forth "more than labels and conclusions . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient "to state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

B.     Discussion

The Government asserts that Plaintiffs' Counts I–III for assault and battery, negligence, and intentional infliction of emotional distress, respectively, should be dismissed because the claims are time barred under the FTCA's statute of limitations. [ECF No. 15; ECF No. 16 at 4–6]. Under the FTCA, a tort claim against the United States "shall be forever barred" unless it is first presented to the "appropriate Federal agency within two years after such claim accrues," and then brought in federal court "within six months" after the agency denies the claim. 28 U.S.C. § 2401(b). Plaintiffs filed this claim approximately two weeks after the six-month time bar, see [ECF No. 18 at 3]; see also [ECF No. 16 at 5], and now ask that this Court apply equitable tolling to preserve their claim on the grounds that exceptional circumstances caused their delay, see [ECF No. 18]. The Government is silent on this request.

A litigant who has missed a statutory deadline may find relief through the doctrine of equitable tolling. Under this doctrine, a court may "extend a statute of limitations for equitable reasons not acknowledged in the language of the statute itself." Holmes v. Spencer, 685 F.3d 51, 61–62 (1st Cir. 2012). The Supreme Court determined in United States v. Kwai Fun Wong that the FTCA's statute of limitations period is non-jurisdictional and subject to equitable tolling. 575 U.S. 402, 420 (2015). A petitioner, however, is entitled to equitable tolling only upon a showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Courts generally weigh five factors when considering whether to allow equitable tolling in a particular case: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and

4

(5) a plaintiff's reasonableness in remaining ignorant of the [filing] requirement." Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005) (alterations in original) (internal quotation marks omitted) (quoting Kelley v. N.L.R.B., 79 F.3d 1238, 1248 (1st Cir. 1996)).  The First Circuit has cautioned that equitable tolling should only be "used to excuse a party's failure to take an action in a timely manner, where such failure was caused by circumstances that are out of his hands[.]" Dawoud v. Holder, 561 F.3d 31, 36 (1st Cir. 2009) (internal citation omitted).

Plaintiffs argue that equitable tolling is warranted in this case because they did not have knowledge of the administrative closure letter that began the statute of limitations clock due to a series of events out of their control.  [ECF No. 18 at 3–5].  When Plaintiffs initiated their administrative action against the Government, they were represented by Attorney Robert Sinsheimer ("Attorney Sinsheimer").  [ECF 18 at 2].  At some point after Attorney Sinsheimer filed the administrative action, he suffered from a "mental breakdown" and immediately stopped his practice and dissolved his law firm.  [ECF No. 18-2 ¶ 3].  A second attorney, Attorney Thomas Doyle ("Attorney Doyle"), who assisted in the representation of Attorney Sinsheimer's remaining clients, then transmitted the Plaintiffs' case file to current counsel, Attorney Stanley Helinski ("Attorney Helinski").  [Id. ¶ 4].  Neither Attorney Doyle nor Helinski had knowledge or possession of the December 17, 2020 administrative closure letter.  [Id. ¶ 6].[2]  It was not until after Attorney Helinski filed this lawsuit on behalf of the Plaintiffs that Helinski learned of the letter when an Assistant United States Attorney sent it to him.  [Id. ¶ 5].  Attorneys Doyle and

---

[2] The affidavit of Attorney Helinski that is attached to Plaintiffs' opposition states that the administrative closure letter was dated December 10, 2020, [ECF No. 18-2 ¶ 5], while the letter attached to United States' motion to dismiss is dated December 17, 2020, see [ECF No. 16-1]. This inconsistency does not affect the outcome of this ruling.

Helinski have not been able to speak with Attorney Sinsheimer or anyone else from his office who had knowledge of the closure letter. [Id. ¶¶ 6–7]. Plaintiffs do not dispute that the closure letter was sent. [ECF 18 at 3].[3]

Based on these facts, all five factors weigh in favor of equitably tolling Plaintiffs' FTCA claims. Plaintiffs did not have actual or constructive knowledge of the administrative denial letter. Plaintiffs were not informed about the denial letter, Attorney Helinski did not have a copy of the letter in the transmitted case file, and Attorney Sinsheimer, the only person with knowledge of the letter, was unreachable. See [ECF No. 18-2 ¶¶ 5–9]. Additionally, Plaintiffs were diligent in pursuing their claim, even after Attorney Sinsheimer suddenly stopped practicing, and Attorney Helinski took reasonable steps to locate the original closure letter after first learning of its existence. Further, it is unlikely that allowing these claims to proceed after only a two-week delay would prejudice the Government. Thus, Plaintiffs have sufficiently pled that they are entitled to equitable tolling at this stage in the litigation.

Accordingly, the Government's motion to dismiss for failure to state a claim is DENIED.

### III. LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

#### A. Legal Standard

As the Government challenges the lack of personal jurisdiction resulting from the improper delivery of summons, the Court reviews the motion under Federal Rule of Civil Procedure 12(b)(5). See Cichocki v. Mass. Bay Cmty. Coll., 174 F. Supp. 3d 572, 575 (D. Mass. 2016) (quoting Aly v. Mohegan Council-Boy Scouts of Am., No. 08-cv-40099, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009)) ("'Before a federal court may exercise personal

---

[3] Attorney Helinski states that he tracked the closure letter online and the letter appears to have been received by the "front desk" of Attorney Sinsheimer's office. [ECF No. 18-2 ¶ 8].

jurisdiction over a defendant, the procedural requirements of service of process must be satisfied.'"). When sufficiency of process is challenged under Rule 12(b)(5), a plaintiff bears the burden of proving proper service. Id.

### B. Discussion

The Government argues that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) as to Counts IV–VI for excessive force, unlawful detention, and unlawful search, respectively, because Plaintiffs failed to properly serve the ICE Agents as individuals pursuant to Federal Rule of Civil Procedure Rule 4(i)(3) and the 90-day time limit for service has expired. See [ECF Nos. 15, 16]; see also Fed. R. Civ. P. 4.

Where a plaintiff brings suit against an officer or employee of the United States in their individual capacity, the plaintiff must comply with Rule 4, which provides that "[t]o serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), (g)." Fed. R. Civ. P. 4(i)(3). If a defendant is not served within the specified time limit, Rule 4(m) allows the Court, in its discretion to dismiss the action without prejudice, order that service be made on the defendant within a specified time, or extend the time service for an appropriate period on a showing of "good cause." Fed. R. Civ. P. 4(m).

Courts generally allow a plaintiff to assert a claim against an unknown defendant where a good faith investigation has failed to reveal the identity of the relevant defendant and there is a reasonable likelihood that discovery will provide that information. Martinez–Rivera v. Sanchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007). "The practice is particularly common in cases of alleged police brutality, where a plaintiff may be aware of the nature and cause of the injury but not the identity of the perpetrators, and has no realistic means of obtaining the information outside the

7

discovery process."  Id. at n.5; see, e.g., Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); see also Wilson v. Town of Mendon, 294 F.3d 1, n.16 (1st Cir. 2002) ("This principle of fairness recognizes that a plaintiff in the heat of a confrontation with police may not know or have the opportunity to learn the identity of the alleged wrongdoer.").

Plaintiffs here shall be afforded the same opportunity.  Accordingly, Plaintiffs shall make diligent efforts to identify the ICE Agents and, once their identities are ascertained, must promptly amend the complaint and effect service, otherwise Plaintiffs' claims against the ICE Agents may be dismissed without prejudice.  See Martinez, 498 F.3d at n.5 (1st Cir. 2007) ("[O]nce those identities are revealed, the plaintiff should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims.").

Accordingly, the Government's motion to dismiss for lack of personal jurisdiction and insufficient service of process is DENIED.

## IV.    CONCLUSION

For these reasons, the Government's motion to dismiss, [ECF No. 15], is DENIED in its entirety.  Upon ascertaining the identities of the ICE Agents, Plaintiffs are ORDERED to promptly amend the complaint and effect service on the individual ICE Agents.

**SO ORDERED.**

April 29, 2022                                                         /s/ Allison D. Burroughs
                                                                                                      ALLISON D. BURROUGHS
                                                                                                      U.S. DISTRICT JUDGE